JOHN L. FELLOWS III (SBN 103968)
City Attorney
PATRICK Q. SULLIVAN (SBN 179922)
Assistant City Attorney
**DELLA D. THOMPSON-BELL (SBN 224846)**
**Deputy City Attorney**
3031 Torrance Boulevard
Torrance, California  90503-5059
Telephone:  (310) 618-5810
Facsimile:   (310) 618-5813
Email: DThompsonBell@TorranceCA.gov

Attorneys for City of Torrance Defendants,
Police Chief MARK MATSUDA; Former Police Chief
JOHN J. NEU; Officer DOUGLAS HATH;
Services Officer JOEY WATANABE and
CITY OF TORRANCE (erroneously sued and served
As CITY OF TORRANCE POLICE DEPARTMENT)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES – SPRING ST.)

| | |
|---|---|
| **MICHAEL ROBERTS**,<br><br>    Plaintiff,<br><br>vs.<br><br>**MARK MATSUDA, in his official capacity as Chief of the City of Torrance Police Department JOHN J. NEU; DOUGLAS HATH; JOEY WATANABE; CITY OF TORRANCE POLICE DEPARTMENT; and DOES 1-50,**<br><br>    Defendants. | **CASE NO. CV14-03723 R(MANx)**<br>Hon. Manuel L. Real, Courtroom 8<br><br>**ANSWER TO COMPLAINT;**<br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed:         05-14-14<br>Pre-Trial Conference: Not set<br>Trial:                          Not set |

　　　　Defendants MARK MATSUDA, JOHN J. NEU, DOUGLAS HATH, JOEY WATANABE and CITY OF TORRANCE (collectively "Defendants") answer Plaintiff's Complaint as follows:

　　　　1.　　In answer to Paragraph 1, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations

contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 1.

2. In answer to Paragraph 2, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 2.

3. In answer to Paragraph 3, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 3.

4. In answer to Paragraph 4, answering Defendants admit that California law restricts a law enforcement agency from disposing of firearms for 180 days after the agency notifies the owner that the firearms are available for return. Except as otherwise expressly admitted, answering Defendants deny generally and specifically each and every allegation contained in paragraph 4.

5. In answer to Paragraph 5, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 5.

6. In answer to Paragraph 6, this paragraph contains only legal conclusions to which no response is required.

7. In answer to Paragraph 7, this paragraph contains only legal conclusions to which no response is required.

8. In answer to Paragraph 8, this paragraph contains only legal conclusions to which no response is required.

9. In answer to Paragraph 9, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each

and every allegation contained in paragraph 9.

10.   In answer to Paragraph 10, answering Defendants admit that Defendant Mark Matsuda is an employee of the City of Torrance and currently holds the title of Police Chief. Except as otherwise expressly admitted answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 10.

11.   In answer to Paragraph 11, answering Defendants admit that Defendant John Neu was an employee of the City of Torrance and previously holding the title of Police Chief. Except as otherwise expressly admitted answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 11.

12.   In answer to Paragraph 12, answering Defendants admit that the City Torrance is a Charter City located within Los Angeles County, California and the Torrance Police Department is one of eleven departments in the City. Except as otherwise expressly admitted, answering Defendants deny generally and specifically each and every allegation contained in paragraph 12.

13.   In answer to Paragraph 13, answering Defendants admit that Defendant Douglas Hath is an employee police officer of the City of Torrance assigned to the Detectives Division of the Torrance Police Department. Except as otherwise expressly admitted, answering Defendants deny generally and specifically each and every allegation contained in paragraph 13.

14.   In answer to Paragraph 14, answering Defendants admit that Defendant Joey Watanabe is a civilian employee of the City of Torrance assigned to the Services Division of the Torrance Police Department. Except as otherwise expressly admitted, answering Defendants deny generally and specifically each and every allegation contained in paragraph 14.

15. In answer to Paragraph 15, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 15.

16. In answer to Paragraph 16, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 16.

17. In answer to Paragraph 17, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 17.

18. In answer to Paragraph 18, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 18.

19. In answer to Paragraph 19, answering Defendants admit that LEGR responses are valid for 30 days after issuance. Except as otherwise expressly admitted, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 19.

20. In answer to Paragraph 20, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 20.

21. In answer to Paragraph 21, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all

allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 21.

22. In answer to Paragraph 22, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 22.

23. In answer to Paragraph 23, answering Defendants admit that on May 9, 2012, the Superior Court issued an order for the return "all firearms in [TPD's] possession pursuant to California Penal Code section 33850 et seq. and TPD is to follow orders/directives of the Dept of Justice regarding the return of any firearms." Except as otherwise expressly admitted, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 23.

24. In answer to Paragraph 24, answering Defendants admit that TPD released four handguns out of Plaintiff's 21 firearms in TPD's possession. Except as otherwise expressly admitted, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 24.

25. In answer to Paragraph 25, answering Defendants admit that the 17 remaining firearms were destroyed. Except as otherwise expressly admitted, answering Defendants deny each and every allegation contained in paragraph 25.

26. In answer to Paragraph 26, answering Defendants admit that Defendant Watanabe scheduled the destruction of the 17 remaining firearms with Defendant Hath's concurrence. Except as otherwise expressly admitted, answering Defendants deny each and every allegation contained in paragraph 26.

27. In answer to Paragraph 27, answering Defendants deny each and

every allegation contained in paragraph 27.

28. In answer to Paragraph 28, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 28.

29. In answer to Paragraph 29, are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 29.

30. In answer to Paragraph 30, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 30.

31. In answer to Paragraph 31, answering Defendants incorporate their response to paragraphs 1-30 of the Complaint as if fully set forth herein.

32. In answer to Paragraph 32, answering Defendants admit each and every allegation contained in paragraph 32.

33. In answer to Paragraph 33, answering Defendants admit each and every allegation contained in paragraph 33.

34. In answer to Paragraph 34 answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 34.

35. In answer to Paragraph 35, answering Defendants admit TPD has a policy to release personal property, other than firearms to the owner or person to whom it was booked, or the authorized representative of the owner.  Except as otherwise expressly admitted, answering Defendants deny each and every allegation contained in paragraph 35.

36. In answer to Paragraph 36, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 36.

37. In answer to Paragraph 37, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 37.

38. In answer to Paragraph 38, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 38.

39. In answer to Paragraph 39, answering Defendants admit each and every allegation contained in paragraph 39.

40. In answer to Paragraph 40, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 40.

41. In answer to Paragraph 41, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 41.

42. In answer to Paragraph 42, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 42.

43. In answer to Paragraph 43, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all

[93572_1.DOC]    -7-
ANSWER TO COMPLAINT

allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 43.

44. In answer to Paragraph 44, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 44.

45. In answer to Paragraph 45, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 45.

46. In answer to Paragraph 46, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 46.

47. In answer to Paragraph 47, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 47.

48. In answer to Paragraph 48, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 48.

49. In answer to Paragraph 49, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 49.

50. In answer to Paragraph 50, answering Defendants admit each and every allegation contained in paragraph 50.

51. In answer to Paragraph 51, this paragraph contains only legal conclusions to which no response is required.

52. In answer to Paragraph 52, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 52.

53. In answer to Paragraph 53, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 53.

54. In answer to Paragraph 54, answering Defendants incorporate their response to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. In answer to Paragraph 55, answering Defendants admit each and every allegation contained in paragraph 55.

56. In answer to Paragraph 56, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 56.

57. In answer to Paragraph 57, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 57.

58. In answer to Paragraph 58, answering Defendants incorporate their response to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. In answer to Paragraph 59, answering Defendants admit each and every allegation contained in paragraph 59.

60. In answer to Paragraph 60, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all

allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 60.

61. In answer to Paragraph 61, answering Defendants, are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 61.

62. In answer to Paragraph 62, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 62.

63. In answer to Paragraph 63, answering Defendants incorporate their response to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. In answer to Paragraph 64, answering Defendants admit that at no time did Defendants have an ownership interest in Plaintiff's firearms. Except as otherwise expressly admitted, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 64.

65. In answer to Paragraph 65, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 65.

66. In answer to Paragraph 66, answering Defendants incorporates their response to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. In answer to Paragraph 67, answering Defendants, are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 67.

68. In answer to Paragraph 68, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 68.

69. In answer to Paragraph 69, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 69.

70. In answer to Paragraph 70, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 70.

71. In answer to Paragraph 71, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 71.

72. In answer to Paragraph 72, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 72.

73. In answer to Paragraph 73, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 73.

74. In answer to Paragraph 74, answering Defendants are without sufficient knowledge or information to form a belief as to the truth of all allegations contained in such paragraph, and on that basis, answering Defendants deny each and every allegation contained in paragraph 74.

## FIRST AFFIRMATIVE DEFENSE

75. As an affirmative defense, answering Defendants allege that each and every cause of action contained in the complaint fails to state facts sufficient to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

76. As an affirmative defense, answering Defendants allege that the acts, actions and conduct of the Plaintiff, other Defendants, and/or third parties directly and proximately caused Plaintiff's injuries and/or damages, if any. Therefore, Plaintiff is not entitled to damages or any other relief from answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

77. As an affirmative defense, answering Defendants allege that the conduct, misconduct and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount of percentage that said conduct, misconduct or negligence caused or contributed to the alleged damages, should they be proven.

## FOURTH AFFIRMATIVE DEFENSE

78. As an affirmative defense, answering Defendants allege that if wrongful action did occur, it was not pursuant to deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right or to cause any injury on the part of any answering Defendant and, therefore, answering Defendants are immune from liability.

## FIFTH AFFIRMATIVE DEFENSE

79. As an affirmative defense, answering Defendants allege that answering Defendants are not liable for the damages, if any, alleged in the complaint by reason of the provisions of Government Code section 815.2(a) and (b), in that a public entity is not liable for any injury resulting from an act or

omission of any employee of the public entity where the employee is immune from liability.

## SIXTH AFFIRMATIVE DEFENSE

80. As an affirmative defense, answering Defendants allege that pursuant to Government Code sections 815.2 and 815.6, any and all mandatory duties imposed on answering Defendants, and answering Defendants' agents or employees, the failure of which allegedly created the condition at the time and place which is the subject of this complaint, were exercised with reasonable diligence and therefore, answering Defendants are not liable to Plaintiff for the alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

81. As an affirmative defense, answering Defendants allege that pursuant to the provisions of Government Code section 822.2, section 815.2 and section 818.8, a public entity and its employees, officers and agents are immune from tort liability for negligent or intentional misrepresentations made while acting in the scope of employment.

## EIGHTH AFFIRMATIVE DEFENSE

82. As an affirmative defense, answering Defendants allege that pursuant to the provisions of Government Code sections 820.2 and 815.2, a public entity and its employees, officers and agents are not responsible for injury or damage resulting from an act omission that was a result of the exercise of discretion vested in such officer, employee or agent, whether or not such discretion was abused.

## NINTH AFFIRMATIVE DEFENSE

83. As an affirmative defense, answering Defendants allege that, pursuant to the provisions of Government Code section 820.4 and section 815.2, a public entity and its employees, officers and agents are immune from tort liability for law enforcement activities while exercising due care.

///

## TENTH AFFIRMATIVE DEFENSE

84. As an affirmative defense, answering Defendants allege that, pursuant to the provisions of Government Code sections 820.8 and 815.2, a public entity and its employees, officers and agents are immune from tort liability for injuries cause by the act or omission of another person.

## ELEVENTH AFFIRMATIVE DEFENSE

85. As an affirmative defense, answering Defendants allege that if any wrongful action did occur, it was not pursuant to negligent training, supervision hiring or retention.

## TWELFTH AFFIRMATIVE DEFENSE

86. As an affirmative defense, answering Defendants allege that at all times material hereto answering Defendants acted in an objectively reasonable manner and are entitled to qualified immunity as a defense to actions brought as civil rights violations under 42 U.S.C. section 1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

87. As an affirmative defense, answering Defendants allege that if wrongful action did occur, it was not pursuant to custom, policy, practice or usage of the public entity.

## FOURTEENTH AFFIRMATIVE DEFENSE

88. As an affirmative defense, answering Defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

89. As an affirmative defense, answering Defendants allege that Plaintiff is barred and precluded from recovery for any loss, damage or injury alleged from this answering Defendant in that Plaintiff has not complied with Sections 900, et seq. of the California Government Code.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

90. As an affirmative defense, answering Defendants allege that Plaintiff has not sued this public entity pursuant to authority provided by statute and, consequently, these Defendants are not liable pursuant to Government Code, Sections 815 and 820.

## SEVENTEENTH AFFIRMATIVE DEFENSE

91. As an affirmative defense, answering Defendants allege that Defendant Hath was at all times mentioned in Plaintiff's complaint a duly qualified and appointed police officer for the City of Torrance engaged in the performance of their regularly assigned duties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

92. As an affirmative defense, answering Defendants allege that the individual Defendants acted in good faith and without malice and that Defendant Hath acted within the scope of his duties as police officer and that Defendant Watanabe acted within the scope of his duties as an employee of the City of Torrance.

## NINETEENTH AFFIRMATIVE DEFENSE

93. As an affirmative defense, answering Defendants allege that Plaintiff's Complaint contains only subjective conclusions regarding the Defendants' actions, and does not contain any showing that these Defendants violated any constitutional right.

## TWENTIETH AFFIRMATIVE DEFENSE

94. As an affirmative defense, answering Defendants allege that Plaintiff's Complaint fails to state a cause of action against the municipal defendant, since there can be no recovery against this defendant for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy.

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

95.　As an affirmative defense, answering Defendants allege that the Plaintiff is barred and precluded from recovery for any loss, damage or injury alleged from these answering Defendants pursuant to Section 818 of the California Government Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

96.　As an affirmative defense, answering Defendants allege if Plaintiff suffered or sustained any loss, damage or injury, the same was the direct and proximate result of the Plaintiff knowingly assuming the risk.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

97.　As an affirmative defense, answering Defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of the doctrine of laches.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

98.　As an affirmative defense, answering Defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of the doctrine of waiver.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

99.　As an affirmative defense, answering Defendants allege that Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik,* 75 F.3d 517, 527 (9th Cir. 1996).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

100.　As an affirmative defense, answering Defendants allege that Plaintiff's Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure sections 335.1, 337, 337.1, 337.15, 338 (a), 338(b), 338(c), 338

(d), 339, 340 (3), and/or 343.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

101. As an affirmative defense, answering Defendants allege that Plaintiff's action is barred by reason of conduct, actions, and inactions of Plaintiff, which amount to and constitute a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in Plaintiff's Complaint, or that otherwise estop Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

102. As an affirmative defense, answering Defendants allege that to the extent that Plaintiff suffered any detriment, such detriment was unavoidable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

103. As an affirmative defense, answering Defendants allege that these answering Defendants may not be held liable under a *respondeat superior* theory of any negligent or wrongful act or omission on the party of any subordinate. Cal. Gov't Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong,* 37 Ca. 2d. 356, 378-379 (1951); *Monell v. Department of Social Services of the City of New York,* 436 U. S. 658 (1978); *Larez v. City of Los Angeles,* 946 F2d. 630, 645-646 (9th Cir. 1991).

## THIRTIETH AFFIRMATIVE DEFENSE

104. As an affirmative defense, answering Defendants allege that any use of force by any of the individual defendants was privileged as being objectively reasonable and/or in lawful self-defense or defense of third parties and/or being appropriate to overcome resistance and/or to redress the commission of a public offense and/or because peace officers had reasonable cause to believe that Plaintiff committed a public offense and or exigent circumstances existed.

///

///

### THIRTY-FIRST AFFIRMATIVE DEFENSE

105. As an affirmative defense, answering Defendants allege that any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth and/or Ninth Amendments.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

106. As an affirmative defense, answering Defendants allege that Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendants are immune from liability under the Federal Civil Rights Act because a reasonable officer could have believed that their acts and conduct were appropriate, that their conduct did not violate clearly established rights and/or under the doctrine of Qualified Immunity.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

107. As an affirmative defense, answering Defendants allege that Plaintiff's claim under the Federal Civil Rights Act is barred because Plaintiff's Complaint fails to allege facts that go beyond mere tortuous conduct and rise to the dignity of a civil rights violation.

### RESERVATION OF AFFIRMATIVE DEFENSES

108. Because Plaintiff's Complaint is couched in vague and conclusory terms, answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, answering Defendants reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defense are applicable, and/or to withdraw affirmative defenses as may be appropriate.

**WHEREFORE,** answering Defendants pray as follows:

1. That Plaintiff take nothing by his action;
2. That Defendants be awarded attorney's fees and costs of suit incurred herein; and,
3. That Defendants be awarded for such other and further relief as the Court deems proper and just.

Dated: July 10, 2014

JOHN L. FELLOWS III
City Attorney

By: _____/s/_____
Della Thompson-Bell
Deputy City Attorney
Attorney for Defendants

## DEMAND FOR JURY TRIAL

Defendants hereby make a demand for a trial before a jury on all issues presented by Plaintiff's Complaint that are or may be triable to a jury pursuant to Federal Rules of Civil Procedure, Rule 38 (b) and all applicable Local Rules of the United States District Court, Central District of California.

Dated: July 10, 2014

JOHN L. FELLOWS III,
City Attorney

By: /s/
Della Thompson-Bell
Deputy City Attorney
Attorney for Defendants